Shaw *v.* McNish.

the taxable costs of the proceedings on such order, within twenty days after service of a copy of the bill thereof as taxed, or that the complainant's bill in this cause be taken as confessed.

### SHAW *vs.* McNISH and others.

*It was not* the intention of the legislature, by the amendatory act to reduce the expense of foreclosing mortgages in the court of chancery, to give to the complainant's solicitor, for the mere institution of a foreclosure suit which is settled previous to a decree, the full allowance for costs prescribed by that act for the whole of the proceedings, in a foreclosure suit, where there is no defence.

The only effect which can be given to that act, in suits which are settled, or discontinued, before they have proceeded so far as to show whether a defence will be made by any of the defendants, is to limit the solicitor's fees; so that they shall not exceed the gross amount fixed, by the statute, for the whole proceedings when there is no defence.

As the acts of 1840 and 1841 have made no provision for compensation in such cases, the solicitor is entitled to have his costs taxed according to the general fee bill in other suits; subject to this limitation as to the gross amount.

Where the solicitor for the complainant, in a foreclosure suit, brings persons before the court, as defendants, whom he had no reason to suppose were necessary or proper parties, the taxing officer may inquire into the facts; and he should disallow all charges for extra costs, or for disbursements, on account of such unnecessary parties.

Nor will the taxing officer be precluded from doing this by the formal charge, in the bill of complaint, that such defendants have, or claim, some interest in the mortgaged premises, as subsequent purchasers or incumbrancers.

The heirs of a subsequent mortgagee are not necessary parties to a bill to foreclose a prior mortgage; the executor of the decedent representing his rights as second mortgagee.

THIS was an application for the re-taxation of the costs in a foreclosure suit. The bill was filed against the mortgagor and his wife, and fifteen other persons who were made parties as having some interest in, or lien upon, the mortgaged premises, subsequent to the giving of the mortgage. Soon after the service of the subpœnas, and before the bill had been taken as con-

fessed against any of the defendants, Irwin Swain, one of the defendants, paid to the complainant's solicitor, the amount claimed to be due upon the mortgage, and offered to pay the taxable costs. The complainant claimed to have the costs taxed at the gross sum fixed by statute, in foreclosure suits, where the bill has been taken as confessed against all of the defendants. The defendants' solicitor, on the contrary, insisted that the complainant was only entitled to the costs of the services which had been actually performed, and at the allowances fixed by the fee bill; and that he should not be allowed for the costs of proceeding against several of the defendants who had no interest in or lien on the mortgaged premises, and who were unnecessarily and improperly made parties. The costs were submitted to the vice chancellor of the seventh circuit for taxation. He allowed $30 for the solicitor's fees as to the two first defendants, and $2,50 for each of the other fifteen defendants, in addition to the disbursements; although such allowance exceeded the amount of the taxable items, according to the general fee bill, for the services which had been performed.

*J. Thomas*, for the complainant.

*O. L. Barbour*, for the defendant.

THE CHANCELLOR. The act to reduce the expense of foreclosing mortgages in the court of chancery, as amended in 1841, has fixed the allowance for solicitor's fees for the whole proceedings in a foreclosure suit, where there is no defence. But the legislature never could have intended to give the whole allowance, there prescribed, for the mere institution of a foreclosure suit which should be settled without proceeding to a decree. The only effect, therefore, which can be given to that act, in suits which are settled, or discontinued, upon payment of costs, before the same have proceeded so far as to ascertain whether a defence will be made by any of the defendants therein, is to limit the amount of solicitor's fees; so that it shall not exceed the gross sum, fixed by statute, for the whole proceedings when there is no defence. And as the acts of 1840 and 1841

Shaw *v.* McNish.

have made no provision for compensation in such cases, the solicitor is entitled to have his costs taxed according to the general fee bill in other suits; subject to this limitation as to the gross amount.

It is the duty of the officer, upon taxation, to strike out all charges for services which were not necessary to be performed. (2 *R. S.* 653, § 5.) Where the solicitor for the complainant in a foreclosure suit, therefore, brings persons before the court, as defendants, whom he had no reason to suppose were necessary or proper parties, the taxing officer may inquire into the facts; and should disallow all charges for extra costs, or for disbursements, on account of such unnecessary parties. Nor is the taxing officer precluded from doing so by the formal charge, in the complainant's bill, that such defendants have, or claim, some interest in the mortgaged premises, as subsequent purchasers or incumbrancers.

It is sworn, in this case, that the complainant knew, previous to the commencement of his suit, that the mortgagor had conveyed all his interest in the mortgaged premises; although the purchaser had not caused his deed to be recorded. It is not stated, however, that the complainant was apprised of the real time when that deed was given; nor that the mortgagor's wife had joined in it, and acknowledged it in such a manner as to bar her contingent right of dower. It was, therefore, a proper precaution, on the part of the complainant's solicitor, to make the judgment creditors and the wife of the mortgagor parties to the suit. There was no necessity, however, nor any apparent excuse, for making the five children of Wales, the subsequent mortgagee, parties. The executor fully represented the rights of the decedent as mortgagee, and the heirs at law should not have been made defendants. The extra costs of making them parties must, therefore, be disallowed. Deducting those and other objectionable charges, from the bill of items as submitted to the vice chancellor, will leave $44,31 as the taxable costs to which the complainant's solicitor is entitled.

Neither party is to have costs as against the other, upon this application for a re-taxation.